**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Frank MAZZARONE, Appellant.**

Superior Court of Pennsylvania.

Argued May 4, 2004.
Filed Aug. 16, 2004.

Sharon R. Meisler, Norristown, for appellant.

Mary M. Killinger, Asst. Dist. Atty., Norristown, for Com., appellee.

BEFORE: STEVENS, BENDER, and MONTEMURO,* JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the order entered in the Court of Common Pleas of Montgomery County denying Appellant's motion to file an appeal *nunc pro tunc.* On appeal, Appellant contends the lower court should have reinstated his direct appeal rights because the Clerk of Courts failed to send Appellant notice that his post-sentence motions were denied by operation of law on July 5, 2001. We affirm.

¶ 2 The relevant facts and procedural history are as follows: On December 11, 1999, during a high-speed drag race on the Pennsylvania Turnpike, Appellant killed the driver of another vehicle. On November 13, 2000, Appellant entered an open guilty plea to various charges, including homicide by vehicle. On January 26, 2001, the trial court sentenced Appellant to an aggregate of two and one-half to five years in prison, and new counsel filed a timely post-sentence motion seeking reconsideration/withdrawal of the guilty plea. Supplemental post-sentence motions were filed while the original post-sentence motion was pending, and on July 3, 2001, the trial court vacated Appellant's sentence as it related to homicide by vehicle, conspiracy, and recklessly endangering another per-

* Retired Justice assigned to the Superior Court.

son, and the court sentenced Appellant to an aggregate of one to two years in prison. The sentencing order of January 26, 2001 remained in effect with regard to all of the other charges. Appellant did not file timely post-sentence motions following the imposition of the July 3, 2001 sentencing order.

¶ 3 On November 1, 2001, Appellant filed a motion to request additional time for consideration of post-sentence motions indicating that he believed the original post-sentence motions filed prior to July 3, 2001 remained in effect. On December 4, 2001, Appellant filed an appeal to this Court alleging that his original post-sentence motions were denied by operation of law on December 2, 2001. In an unpublished memorandum filed on December 19, 2002, this Court quashed Appellant's appeal on the basis that it was untimely filed. Appellant filed a motion for reconsideration, which this Court denied by order entered on February 21, 2003.

¶ 4 Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. However, on March 17, 2003, Appellant filed what he entitled a "Motion to Appeal, *Nunc Pro Tunc.*" In the motion, Appellant alleged that, although he was resentenced on July 3, 2001, the Clerk of Courts did not enter the new sentencing order until April 16, 2002. Appellant averred that, after this Court quashed his appeal, he filed a motion for reconsideration in which he explained to this Court the circumstances regarding the timeliness of his appeal; however, we denied reconsideration. By opinion and or-

der filed on October 21, 2003, the trial court denied the motion concluding that Appellant failed to demonstrate extraordinary circumstances permitting the reinstatement of his appellate rights.[1] On November 25, 2003, Appellant filed an appeal to this Court alleging that the trial court erred in failing to reinstate his direct appeal rights *nunc pro tunc.* The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement, Appellant filed a timely statement, and the trial court filed a Pa. R.A.P. 1925(a) opinion.

¶ 5 Initially, we note that Appellant's March 17, 2003 motion to appeal *nunc pro tunc,* which was filed after this Court quashed Appellant's direct appeal, should have been treated by the lower court as a petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. §§ 9541–9546. The Supreme Court has held on numerous occasions that the PCRA is the exclusive means for a defendant to pursue the reinstatement of direct appeal rights. *See Commonwealth v. Robinson,* 575 Pa. 500, 837 A.2d 1157 (2003); *Commonwealth v. Eller,* 569 Pa. 622, 807 A.2d 838 (2002); *Commonwealth v. Hall,* 565 Pa. 92, 771 A.2d 1232 (2001). Having made this determination, we must decide whether Appellant's petition was timely filed. "[G]iven the fact the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner." *Commonwealth v. Murray,* 562

---

1. In its opinion, the lower court indicated that it denied Appellant's March 17, 2003 motion because the court believed Appellant's motion was premature. The lower court indicated that Appellant re-filed the motion on June 20, 2003 after the record was remitted to the lower court from this Court. Neither the docket entries nor the certified record provide evidence that the court dismissed the

March 17, 2003 motion as premature or that a second motion was filed. Rather, the record reveals that the trial court denied the March 17, 2003 motion by opinion and order filed on October 21, 2003, and we shall proceed as though such is true. We note that, even assuming Appellant refiled the motion on June 20, 2003, our analysis in the case *sub judice* would remain substantially unaltered.

Pa. 1, 5, 753 A.2d 201, 203 (2000) (citations omitted).

¶ 6 A petitioner must file a PCRA petition within one year of the date his judgment of sentence becomes final. 42 Pa. C.S.A. § 9545(b)(1). The plain language of the PCRA clearly provides that a judgment becomes final for purposes of triggering the commencement of the one-year filing period at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, **or at the expiration of time for seeking the review.** *Murray,* 562 Pa. at 5, 753 A.2d at 203 (citation omitted) (emphasis in original).

¶ 7 Here, Appellant had thirty days following the entry of this Court's February 21, 2003 order denying reconsideration to seek discretionary review in the Supreme Court by filing a petition for allowance of appeal. *See* Pa.R.A.P. 1113(a) (an appeal to the Supreme Court must be filed within 30 days of the entry of the order denying reconsideration). Since Appellant never filed a petition for allowance of appeal to the Supreme Court from the February 21, 2003 order, his judgment of sentence became final for purposes of triggering the commencement of the PCRA's one year filing period on March 24, 2003.[2] *See Murray, supra* (holding that, after Superior Court dismissed direct appeal because it was untimely, judgment became final thirty days following the entry of the order dismissing the appeal since no petition for allowance of appeal was filed with the Supreme Court).

¶ 8 Here, Appellant clearly filed his March 17, 2003 petition within one year of his judgment becoming final, and, therefore, we conclude that the petition was timely filed. As such, we shall proceed to determine whether the lower court erred in failing to restore Appellant's direct appeal rights.

■ ¶ 9 "Our scope of review when examining a PCRA court's denial of relief is limited to whether the court's findings are supported by the record and the order is otherwise free of legal error. We will not disturb findings that are supported by the record." *Commonwealth v. Qualls,* 785 A.2d 1007, 1010 (Pa.Super.2001) (citations omitted).

¶ 10 In the case *sub judice,* Appellant contends that he failed to file a timely direct appeal because of a breakdown in the court's system. Specifically, he alleges that the Clerk of Courts failed to send Appellant notice that his post-sentence motions were denied by operation of law on July 5, 2001, and, therefore, Appellant did not file a timely direct appeal. We find that no relief is due.

■ ¶ 11 In his March 17, 2003 motion, Appellant alleged that he was resentenced on July 3, 2001, that the Clerk of Courts erred in failing to enter the new sentencing order until April 16, 2002, that a letter explaining this situation was sent to this Court when Appellant filed his motion for reconsideration, and that this Court denied reconsideration. Appellant attached to his March 17, 2003 motion a letter dated May 23, 2002, which this Court considered in denying Appellant's motion for reconsideration. Noticeably absent from Appellant's March 17, 2003 motion is any argument that his appellate rights should be reinstated because he did not receive notice that his post-sentence motions were denied by operation of law on July 5, 2001. In fact, Appellant's March 17, 2003 motion provides no "new" reason why his direct appeal rights should be reinstated and

**2.** The thirtieth day fell on a Sunday, March 23, 2003, and, therefore, Appellant had until Monday, March 24, 2003, to file a petition for allowance of appeal, 1 Pa.C.S.A. § 1908.

merely asks the lower court to consider the May 23, 2002 letter, which this Court previously considered in denying Appellant's motion for reconsideration. Therefore, we conclude that the lower court did not err in denying Appellant's motion to file an appeal *nunc pro tunc*.

¶ 12 Affirmed.

¶ 13 **BENDER, J., CONCURS IN THE RESULT.**