J-S11002-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES SLATER | : | |
| | : | |
| | : | No. 1059 WDA 2018 |

Appeal from the PCRA Order Entered June 27, 2018,
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0008089-2007

BEFORE: NICHOLS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.:                    FILED OCTOBER 27, 2020

Appellant James Slater appeals from the order dismissing his petition challenging the application of Subchapter I[1] of the Sexual Offender Registration and Notification Act (SORNA) as an untimely Post Conviction Relief Act[2] (PCRA) petition. Appellant claims that his petition is not subject to the PCRA and argues that the application of Subchapter I violates ex post facto and double jeopardy constitutional protections. We affirm.

We adopt the PCRA court's summary of the factual and procedural history of this matter. See PCRA Ct. Op., 10/10/19, at 1-3. Briefly, on October 21, 2013, Appellant entered a negotiated guilty plea to rape of a child, statutory sexual assault, indecent assault, indecent exposure, and corruption

_____

[1] 42 Pa.C.S. §§ 9799.51-9799.75 (eff. Feb. 21, 2018).

[2] 42 Pa.C.S. §§ 9541-9546.

of minors for an incident that occurred in 2007. Pursuant to the plea agreement, the trial court sentenced Appellant to seven and a half to fifteen years' incarceration. The trial court also informed Appellant of his lifetime registration requirement under the former version of SORNA (SORNA I).[3] See Sentencing Hr'g, 10/21/13, at 10; see also Sentencing Order, 10/21/13, at 1. Appellant did not file a direct appeal.

On July 17, 2017, nearly four years after Appellant was sentenced, our Supreme Court decided Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017) (plurality). The Muniz Court applied the framework established in Kennedy v. Mendoza-Martinez, 372 U.S. 144 (1963) to conclude that SORNA I was "punitive in effect." Muniz, 164 A.3d at 1218. Based on that analysis, the High Court held that retroactive application of SORNA I constituted an ex post facto violation when applied to a defendant who committed a sexual offense before December 20, 2012, the effective date of SORNA I. See id. at 1223; see also Commonwealth v. Lippincott, 208 A.3d 143, 150 (Pa. Super. 2019) (en banc).

_____

[3] 42 Pa.C.S. §§ 9799.10-9799.41 (eff. 2012). Although Act 152-(Megan's Law III), see 2004, Nov. 24, P.L. 1243, No. 152, was effective at the time Appellant committed the underlying offenses, SORNA I was effective at the time of his plea. Therefore, by its terms, SORNA I applied to Appellant. See 42 Pa.C.S. § 9799.13(1) (eff. 2012) (noting that SORNA I would apply to an individual who was convicted of a sexually violent offense on or after December 20, 2012, the effective date of SORNA I). We note that on December 16, 2013, our Supreme Court held that Megan's Law III was unconstitutional for violating the single-subject rule. Commonwealth v. Neiman, 84 A.3d 603, 616 (Pa. 2013).

On September 13, 2017, Appellant filed the instant pro se PCRA petition challenging his lifetime registration requirement under SORNA I based on Muniz. Appointed counsel subsequently filed two amended PCRA petitions, ultimately arguing that Appellant "cannot be subjected to any registration requirements upon release." Second Am. PCRA Pet., 3/13/18, ¶ 36 (emphasis in original). According to Appellant, Subchapter I was "legally indistinguishable from SORNA for purposes of an ex post facto analysis." Id. at ¶ 52. Further, he claimed that Subchapter I violated double jeopardy principles, as it "effectively created a new criminal penalty or punishment for the offenses he committed years ago." Id. at ¶ 77 (emphasis in original).

Appellant also noted that the Muniz Court emphasized a "defendant's 'fundamental right to reputation' under the Pennsylvania Constitution, and the fact that SORNA registration (particularly the Megan's Law website) affected that right, was critical to the [Muniz] Court's rulings that the Pennsylvania Constitution affords more ex post facto protections than the federal constitutions in this context."[4] Id. at ¶ 68.

---

[4] Specifically, Appellant quoted the following portion of the lead opinion in Muniz discussing how SORNA I violated the Pennsylvania constitution:

> To summarize, we find the following to be consequential to our analysis of the relative protections afforded by the state and federal ex post facto clauses: the right to be free from ex post facto laws is an 'inherent' and fundamental Article I right under the Pennsylvania Constitution; this Court has previously recognized . . . there is some divergence between the state and federal ex post facto clauses; SORNA[ I]'s registration and online

Additionally, Appellant asserted that the PCRA court had jurisdiction to consider his claims under the PCRA. Id. at ¶ 8. Appellant noted that he was "currently serving a sentence of imprisonment and is otherwise subject to punishment in the form of SORNA registration and reporting requirements as a result of [the trial court's] sentence." Id. Appellant further asserted that his petition was not time barred because Muniz recognized a new constitutional right that was held to apply retroactively and that he had filed his petition within sixty days of that decision. Id. at ¶ 9. Alternatively, Appellant argued that the PCRA court had jurisdiction to grant relief under a trial court's inherent authority to correct an illegal sentence. Id. at ¶ 10.

_____

publication provisions place a unique burden on the right to reputation, which is particularly protected in Pennsylvania; other states have also found the retroactivity of registration laws unconstitutional under their state constitutions, partly due to reputation concerns; and both the state and offender have an interest in the finality of sentencing that is undermined by the enactment of ever-more severe registration laws. For those reasons, we find Pennsylvania's ex post facto clause provides even greater protections than its federal counterpart, and as we have concluded SORNA's registration provisions violate the federal clause, we hold they are also unconstitutional under the state clause.

Am. Pet., 6/12/18, at 78 (quoting Muniz, 164 A.3d at 1223). We note that the passage quoted by Appellant was authored by Justice Dougherty in the lead opinion announcing the judgement of the court joined by Justices Baer and Donohue. However, Justice Wecht, joined by Justice Todd, filed a concurring opinion agreeing that SORNA I was unconstitutional under the Pennsylvania constitution, but disagreeing that the Pennsylvania constitution provided greater protections than the federal constitution. Id. at 1224 (Wecht, J. concurring).

On June 27, 2018, the PCRA court dismissed Appellant's petition without a hearing. Appellant subsequently filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued a Rule 1925(a) opinion concluding that Appellant's petition was facially untimely and that he could not rely on Muniz to establish a timeliness exception to the PCRA time bar. See PCRA Ct. Op. at 4-5 (discussing Commonwealth v. Murphy, 180 A.3d 402 (Pa. Super. 2018) (holding that Muniz did not constitute a new constitutional right under 42 Pa.C.S. § 9545(b)(1)(iii) that would excuse a facially untimely PCRA petition challenging the application of sex offender registration requirements)).

Of relevance to this appeal, we briefly note that on July 21, 2020, our Supreme Court issued its decision in Commonwealth v. Lacombe, ___ A.3d ___, 35 MAP 2018, 2020 WL 4150283 (Pa. filed July 21, 2020). The Lacombe Court rejected the Commonwealth's argument that the trial court lacked jurisdiction to consider challenges to sex offender registration requirements outside the confines of the PCRA. Id. at 19-20. Further, the Lacombe Court noted that Subchapter I was "markedly different from the version of SORNA invalidated in Muniz." Id. at 3. Accordingly, the Lacombe Court applied the same Mendoza-Martinez framework employed by the Court in Muniz, ultimately concluding that "Subchapter I is nonpunitive and does not violate the constitutional prohibition against ex post facto laws." Id. at 1.

Additionally, we note that our Supreme Court recently vacated this Court's decision in Moore, in which we held that 42 Pa.C.S. § 9799.63, the

internet notification provision of Subchapter I, violated the federal ex post facto clause, but was severable from the remainder of Subchapter I. Commonwealth v. Moore, 222 A.3d 16 (Pa. Super. 2019), vacated, 42 WAL 2020 (Pa. filed Oct. 6, 2020) (per curiam order) (vacating and remanding in light of Lacombe).

Instantly, Appellant raises the following issues for review:

1. Whether the trial court erred in ruling that it lacked jurisdiction to adjudicate the merits of the PCRA petition and/or petition for writ of habeas corpus?

2. Whether the trial court erred by not ruling that Subchapter I is unconstitutional under the Federal and State ex post facto and double jeopardy clauses?

Appellant's Brief at 5.

In his first claim, Appellant argues that the PCRA court erred in dismissing his petition as an untimely PCRA petition. Appellant's Brief at 11. He contends that "criminal courts clearly have jurisdiction to hear and decide the merits of challenges to the retroactive application of sex offender registration statutes." Id. at 12. The Commonwealth, referring to several of this Court's previous decisions, responds that the PCRA court properly concluded Appellant's petition was an untimely PCRA petition. See Commonwealth's Brief at 21-23.

The threshold issue of whether a petitioner must raise a claim for post-conviction relief under the PCRA raises a question of law. See

Commonwealth v. Descardes, 136 A.3d 493, 497 (Pa. 2016). Our standard of review is de novo, and our scope of review is plenary. Id.

As discussed previously, in Lacombe, our Supreme Court explicitly rejected the proposition that claims involving the application of sexual offender registration requirements must be raised in a timely PCRA petition. See Lacombe, 35 MAP 2018 at 19-20. Initially, the Lacombe Court explained that it had previously considered challenges to the sexual offender registration statutes that were raised in filings outside of the PCRA. Id. (citing, in part, Muniz; Commonwealth v. Martinez, 147 A.3d 517, 523 (Pa. 2016); A.S. v. Pa. State Police, 143 A.3d 896, 903 n.7 (Pa. 2016)).

Further, the Lacombe Court recognized that "frequent changes to sexual offender registration statutes, along with more onerous requirements and retroactive application, complicate registrants' ability to challenge new requirements imposed years after their sentences become final." Lacombe, 35 MAP 2018 at 19-20. Further, under the PCRA, a petitioner could be ineligible for relief based on timeliness grounds or because their sentence has expired. Id. at 20-21. Therefore, the Lacombe Court concluded that the trial court had jurisdiction to consider Lacombe's petition for relief. Id. at 21. In so doing, our Supreme Court declined to find that "the PCRA, or any other procedural mechanism, is the exclusive method for challenging sexual offender registration statutes." Id. at 21.

Here, in light of Lacombe, we agree with Appellant that the PCRA court had jurisdiction to consider his challenges to his sex offender registration

requirements. See id. at 20. Therefore, we are constrained to conclude that the trial court erred in treating Appellant's petition as an untimely PCRA petition.

In his remaining claim, Appellant argues that Subchapter I is "unconstitutional under the federal and state ex post facto and double jeopardy clauses."[5] Appellant's Brief at 18. Appellant contends that Subchapter I is "not meaningfully different from SORNA for purposes of an ex post facto analysis" and "[f]or all of the reasons that SORNA amounts to a criminal penalty or sanction . . . Subchapter I likewise amounts to a criminal penalty or sanction." Id. at 32, 35. Appellant also asserts that, because "Subchapter I is, in its operation and effect, a criminal punishment or penalty, then it necessarily follows that Subchapter I effectuates a second punishment on [Appellant]," in violation of double jeopardy. Id. at 42. Further, Appellant argues that "the fundamental right to reputation under the Pennsylvania constitution, as well as the parties' interest in the stability, predictability and

_____

[5] Appellant refers to this Court's decision in Moore, arguing that, "at the very least, [he] should be entitled to . . . an order directing the removal of [Appellant] from the Pennsylvania State Police Megan's Law website." Appellant's Brief at 21 (citing Moore, 222 A.3d at 18). Nonetheless, he clarifies that "[u]nlike the defendant in Moore, [Appellant] challenges the entirety of Subchapter I of Act 10, which [he] contends is unconstitutional for all the reasons that follow." Id. at 22. However, because Appellant did not raise this particular claim in the PCRA court, it is not properly before us. See Pa.R.A.P. 302(a). In any event, as noted above, our Supreme Court recently vacated this Court's decision in Moore. See Moore, 42 WAL 2020. Therefore, even if properly preserved, Appellant is not entitled to relief based on Moore.

finality of criminal sentences . . . should weigh heavily in favor of ruling that Subchapter I effectively creates a second sentence or punishment."[6] Id.

The Commonwealth responds that Subchapter I is not punitive and, therefore, it "does not implicate federal or state constitutional ex post facto protections." Commonwealth's Brief at 66. Similarly, the Commonwealth asserts that because Subchapter I does not constitute a punishment, it "does not offend the double jeopardy clause of either constitution." Id. at 68. Finally, to the extent Appellant claims that Subchapter I impacts his right to reputation under the Pennsylvania constitution, the Commonwealth asserts that "under the double jeopardy clause, one may conclude that damage to a sexual offender's reputation due to the conviction primarily occurs through the proper exercise of due process in a criminal proceeding and not solely from Act 10's secondary publication of the conviction." Id. at 71-72.

As discussed above, the Lacombe Court held that Subchapter I "is nonpunitive and does not violate the constitutional prohibition against ex post facto laws." Lacombe, 35 MAP 2018 at 1. Further, the Lacombe Court rejected a double jeopardy challenge to Subchapter I, noting that such a claim was "predicated upon [the petitioner's] argument that Subchapter I is punitive." Id. at 6, n. 5; see also Commonwealth v. Torsilieri, ___ A.3d

_____

[6] Although Appellant emphasizes his right to reputation under the Pennsylvania constitution, he raises this point to support his argument that Subchapter I is punitive. See Appellant's Brief at 34. Appellant does not raise an independent reputation-based claim. Cf. Commonwealth v. Torsilieri, ___ A.3d ___, 2020 WL 3241625 (Pa. filed June 16, 2020).

\_\_\_, 2020 WL 3241625 (Pa. filed June 16, 2020) (distinguishing between a claim that revised Subchapter H's registration and notification provisions "are punitive in nature such that they must comply with all constitutional and statutory protections applicable to sentencing" and a claim that Subchapter H violates "Pennsylvania's due process protection through the unconstitutional utilization of an irrebuttable presumption infringing upon the right to reputation").

Here, like in Lacombe, Appellant's Subchapter I claims are based on his underlying argument that Subchapter I is punitive. See Appellant's Brief at 23, 42 (arguing that "Subchapter I is legally indistinguishable from SORNA for ex post facto purposes" and asserting that if Subchapter I is a criminal punishment, then it is "within what is barred by the state double jeopardy clause"); see also Lacombe, 35 MAP 2018 at 6, n.5. Therefore, in light of our Supreme Court's holding in Lacombe, Appellant is not entitled to relief. Id. Accordingly, we affirm.[7]

Order affirmed.

_____

[7] We note that recently, in Commonwealth v. Smith, --- A.3d ---, 1011 MDA 2019 (Pa. Super. filed September 28, 2020) this Court declined to address an appellant's claims that "SORNA registration requirements violate his due process rights because he committed his crimes as a juvenile and because SORNA imposed an irrebuttable presumption of recidivism for juvenile offenders." Smith, 1011 MDA 2019 at 2. The Smith Court remanded the matter to the trial court for further proceedings. Id. at 6. However, under the circumstances of the instant case, and because Lacombe is dispositive of Appellant's claims, we conclude that remand is unnecessary.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/27/2020</u>

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CRIMINAL DIVISION**

COMMONWEALTH OF PENNSYLVANIA

v.

CC: 200708089

JAMES SLATER,

Defendant

**OPINION**

The Defendant has appealed from this Court's Order of June 27, 2018, which dismissed his second Amended Post Conviction Relief Act Petition without a hearing. However, a review of the record reveals that because the Petition is untimely, this Court lacks the jurisdiction to address it. The Petition was, therefore, properly dismissed.

The Defendant was charged with Rape of a Child,[1] Involuntary Deviate Sexual Intercourse with a Child,[2] Statutory Sexual Assault,[3] Unlawful Contact with a Minor,[4] Indecent Assault of a Child under 13,[5] Indecent Exposure[6] and Corruption of Minors.[7] A jury trial was held before this Court in May, 2008 and at the close of the Commonwealth's case, the

[1] 18 Pa.C.S.A. §3121(c)

[2] 18 Pa.C.S.A. §3123(b)

[3] 18 Pa.C.S.A. §3122.1

[4] 18 Pa.C.S.A. §6318(2)

[5] 18 Pa.C.S.A. §3126(a)(7)

[6] 18 Pa.C.S.A. §3127(a)

[7] 18 Pa.C.S.A. §301(a)(1)

1

Defendant's Motion for Judgment of Acquittal was granted as to the Unlawful Contact with a Minor charge. The jury returned a verdict of Not Guilty at the IDSI charge, but convicted the Defendant of all remaining charges.

The Defendant appeared before this Court on August 18, 2008 and was sentenced to a term of imprisonment of 10 to 20 years at the Rape count, with consecutive terms of imprisonment of three (3) to six (6) years at the Statutory Sexual Assault count and two and one half (2 ½) to five (5) years at the Corruption of Minors count. His Motion for Reconsideration was denied on August 26, 2008. The judgment of sentence was affirmed by the Superior Court on January 26, 2010 and his subsequent Petition for Allowance of Appeal was denied by our Superior Court on September 15, 2010.

No further action was taken until November 2, 2011, when the Defendant filed a pro se Post Conviction Relief Act Petition. Counsel was appointed to represent the Defendant and five (5) subsequent amendments to the Petition followed. An evidentiary hearing was held before this Court on January 8, 2013, after which this Court granted relief and ordered a new trial.

On October 21, 2013, the Defendant appeared before this Court with his new attorney, Nicole Nino, Esquire, and entered a negotiated guilty plea to all counts and was immediately sentenced to a term of imprisonment of seven and one half (7 1/2) to 15 years with a lifetime term of registration. No Post-Sentence Motions were filed and no direct appeal was taken.

On November 26, 2014[8], the Defendant filed a pro se Post Conviction Relief Act Petition. Counsel was appointed to represent the Defendant and an Amended Petition followed. An evidentiary hearing was held before his Court on November 10, 2015, at which time relief was

---

[8] This Court accepted the Petition as timely pursuant to the Prisoner Mailbox Rule

denied. A written Order to that effect followed on November 12, 2015. That Order was affirmed by our Superior Court on October 12, 2016.

No further action was taken until September 13, 2017, when the Defendant filed a pro se Post Conviction Relief Act Petition alleging that, pursuant to Commonwealth v. Muniz, 169 A.3d 1189 (Pa. 2017), his lifetime registration was unconstitutional. Counsel was appointed to represent the Defendant and an Amended Petition was filed. The Commonwealth, through the Office of the District Attorney filed a response to the Amended Petition. Thereafter, the Pennsylvania State Police, through the Office of the Attorney General, sought and was granted permission to intervene. After giving the appropriate notice of its intent to do so, this Court dismissed the Amended Petition on June 27, 2018 without a hearing. This appeal followed.

On appeal, the Defendant has raised multiple claims of error. However, a review of the record reveals that the Petition was untimely filed and, therefore, was properly dismissed.

Pursuant to 42 PA.C.S.A. §9545(b), any and all PCRA Petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final..." 42 Pa.C.S.A. §9545(b)(1). In this case, the Defendant's judgment of sentence became final on November 20, 2013, when he failed to file a direct appeal following his guilty plea. Therefore, in order to be timely, any PCRA Petitions should have been filed by November 20, 2014. The instant Petition, filed on September 13, 2017, is well outside of that time limitation. However, the Amended Petition avers that the Petition is timely due to Commonwealth v. Muniz, 169 A.3d 1189 (Pa. 2017), wherein our Supreme Court held that the retroactive application of SORNA's registration requirements violated the *ex post facto* clauses of the United States and Pennsylvania constitutions.

3

The Post Conviction Relief Act states, in relevant part:

*§9545. Jurisdiction and proceedings.*

*(b)     Time for filing petition. –*

> *(1)     Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment became final, unless the petition alleges and the petitioner proves that:*
>
>> *(iii)     the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided by this section and has been held by that court to apply retroactively.*

42 Pa.C.S.A. §9545(b)(iii).

In Commonwealth v. Murphy, 180 A.3d 402 (Pa.Super. 2018), our Superior Court interpreted the effect of Muniz on an otherwise-untimely PCRA Petition.   In Murphy, the defendant's judgment of sentence became final in 2009.   In October, 2017, the defendant attempted to challenge the lifetime registration requirement of SORNA based on our Supreme Court's decision in Muniz.   However, our Superior Court found that Muniz did not operate to save an otherwise-untimely PCRA Petition.   It held, "we acknowledge that **this Court** has declared that '**Muniz** created a substantive rule that retroactively applies in the collateral context.' **Commonwealth v. Rivera-Figueroa**, 174 A.3d 674, 678 (Pa.Super. 2017).   However, because Appellant's PCRA Petition is untimely (unlike the petition at issue in **Rivera-Figueroa**), he must demonstrate that the Pennsylvania Supreme Court has held that **Muniz** applies retroactively in to satisfy section 9545(b)(1)(iii)...   Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on **Muniz** to meet that timeliness

4

exception." Commonwealth v. Murphy, 180 A.3d 402, 405-406 (Pa.Super. 2018), *emphasis in original*.

Given the Murphy Court's finding that Muniz has not been held to apply retroactively, it is clear that the Defendant cannot rely on the Muniz decision as a basis for the retroactive constitutional right exception to the time limitation provisions of the Post Conviction Relief Act.

Inasmuch as the Defendant has failed to satisfy the requirements of the retroactive Constitutional right exception to the Post Conviction Relief Act, his Petition was properly classified as untimely. See Commonwealth v. Wojtaszek, 951 A.2d 1169 (Pa.Super. 2008). "Given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA Petition that is filed in an untimely manner." Commonwealth v. Mazzarone, 856 A.2d 1208, 1210 (Pa.Super. 2004). See also Commonwealth v. Bennett, 842 A.2d 953, 956 (Pa.Super. 2004) and Commonwealth v. Fahy, 737 A.2d 214 (Pa. 1999). As such, this Court is bound by the time limitation provisions of the Act and, therefore, properly dismissed the Defendant's Amended Post Conviction Relief Act Petition.

Accordingly, for the above reasons of fact and law, this Court's Order of June 27, 2018, which dismissed his second Amended Post Conviction Relief Act Petition without a hearing must be affirmed.

BY THE COURT:

_____, J.