J-A27028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TROY PICKENS | : | |
| | : | |
| Appellant | : | No. 1528 EDA 2021 |

Appeal from the Order Entered July 15, 2021
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0003698-2017

BEFORE:   PANELLA, P.J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED FEBRUARY 1, 2022**

Troy Pickens appeals from the order, entered in the Court of Common Pleas of Montgomery County, denying his motion for bail pending the outcome of his Post Conviction Relief Act (PCRA) proceedings, 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

In a related appeal,[1] we adopted the PCRA court's summary of the relevant factual and procedural history of this case as follows:

> Pickens . . . was found guilty of five counts of dealing in the proceeds of unlawful activity, **see** 18 Pa.C.S.A. § 5111, five counts of tampering with public records or information, **see** 18 Pa.C.S.A. § 4911, five counts of tampering with records or information, **see** 18 Pa.C.S.A. § 4104, and five counts of securing execution of documents by deception, **see** 18 Pa.C.S.A. § 4114, following a one-day bench trial on September 11, 2018.  The court sentenced

---

[1] **See Commonwealth v. Pickens**, 540 EDA 2021 (Pa. Super. 2022) (unpublished memorandum decision).

Pickens on January 3, 2019 to 49 to 98 months' imprisonment followed by five years' probation.

Pickens . . . filed [counseled] timely post-sentence motions on January 11, 2019, seeking to modify sentence and restitution. After argument, the court entered an order on February 8, 2019, granting Pickens' motion to modify restitution by agreement, and denying his motion to modify sentence.

On April 23, 2019, the Clerk of Courts of Montgomery County received and docketed a *pro se* notice of appeal. . . . [Nevertheless, t]he court's order denying Pickens' motion to modify sentence was entered on February 8, 2019, therefore, Pickens' final date to appeal was March 10, 2019.

By order dated March 26, 2020, the Superior Court of Pennsylvania quashed Pickens' appeal as untimely, as it was filed beyond the thirty-day appeal period.

On April 13, 2020, Pickens filed, *pro se*, a PCRA petition and an amended PCRA petition on June 12, 2020. By order dated June 24, 2020, the court appointed [counsel.]

On November 6, 2020, [counsel] filed a petition to withdraw . . . and attached a detailed "no merit" letter that [he] sent to [Pickens], pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988), stating [his] opinion that Pickens was not entitled to PCRA relief. On January 29, 2021, the court issued notice of its intent to dismiss Pickens' PCRA petition pursuant to Pa.R.Crim.P. 907. Pickens replied. After a review of Pickens' response to the Rule 907 notice, the court again determined that the PCRA petition lacked merit, and on February 25, 2021, entered a final order dismissing the PCRA petition.

Pickens filed a timely notice of appeal with the Superior Court of Pennsylvania on March 8, 2021. Pickens also filed a concise statement of errors complained of on appeal in conjunction with the notice of appeal.

*Id.* at *1-*2, *quoting* PCRA Court Opinion, 4/23/21, at 1-3 (brackets omitted).

On July 13, 2021, Pickens filed a motion for bail pending PCRA proceedings, which the court denied two days later. Pickens filed a timely notice of appeal from the order denying of that motion. On appeal, Pickens

raises two issues for our review, which we have combined for ease of disposition:

> Did the [PCRA] court abuse its discretion when it denied [Pickens'] motion for bail pending PCRA proceedings with no reason of record given as to why, constituting unreasonableness[, and] despite the [motion raising meritorious issues], [since Pickens'] offenses [were] nonviolent, non-drug related, and the current outbreak of Covid-19 in [Pickens'] institution and related deaths [merited the grant of bail]?

Appellant's Brief, at i, 4 (unnecessary capitalization omitted). After our review, we conclude that Pickens is not entitled to any relief.

This Court reviews a trial court's order denying a bail motion for an abuse of discretion. *Commonwealth v. Bishop*, 829 A.2d 1170, 1172 (Pa. Super. 2003). Reversal is only warranted where the lower court "misapplies the law, or its judgment is manifestly unreasonable, or the evidence of record show that [its] decision is a result of partiality, prejudice, bias, or ill will." *Id.* (quoting *Commonwealth v. Dunlavey*, 805 A.2d 562, 564 (Pa. Super. 2002)).

Here, contrary to Pickens' claims, there were no PCRA proceedings pending at the time that Pickens filed his motion for bail, since, the denial of his PCRA petition was already on appeal before this Court. *See* Pa.R.A.P. 1701(a) ("[A]fter an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter."). Since Pickens' appeal of the denial of his PCRA petition was

pending on appeal at the time he moved for bail, the PCRA court was divested of jurisdiction to grant Pickens' requested motion. *Id.*

Moreover, we observe that the court is without power to grant bail once direct appeal rights have been exhausted. ***See Dunlavey***, ***supra*** at 565, *citing* Pa.R.Crim.P. 534 (finding court erred and acted without authority where court set bail after defendant's direct appeal rights had expired); ***see also Commonwealth v. McMaster***, 730 A.2d 524, 527 (Pa. Super. 1999) (trial court's power to set bail remains valid until defendant exhausts direct appeal rights; "The intent of this rule is to continue the validity of the bail bond through all avenues of direct appeal in state courts, **but to exclude any post-conviction collateral proceedings**.") (emphasis added).

Here, since Pickens never filed a petition for allowance of appeal to the Pennsylvania Supreme Court from the March 26, 2020 Superior Court order, his direct appeal rights were exhausted on April 27, 2020. ***See Commonwealth v. Mazzarone***, 856 A.2d 1208, 1210-11 (Pa. Super. 2004), *citing* ***Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa. 2000) (after Superior Court dismissed direct appeal as untimely, judgment became final thirty days following entry of order dismissing appeal since no petition for allowance of appeal was filed with Supreme Court); ***see also*** Pa.R.A.P. 1113(a) (appeal to Pennsylvania Supreme Court must be filed within 30 days of entry of order denying reconsideration). Consequently, the court was without power to grant bail at the time Pickens filed the motion. ***See Dunlavey***, ***supra***.

Order affirmed.[2]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/1/2022

---

[2] Pickens filed an application for relief in this Court on September 21, 2021, seeking that we "disregard/waive the requirements of the Rules [of Appellate Procedure] in the instant case [since Pickens] was not equipped to prepare his br[ie]f [because he is proceeding *pro se*] and is not [] learned in [Pennsylvania law], but has filed his [b]rief to the best of his knowledge and ability," Pickens "is currently in[carcerated in] a [s]tate [c]orrectional [i]nstitution which has seen a great deal of Covid-19 outbreak over the last 15 months," and "[d]uring the preparation and filing of [Pickens' brief,] his [correctional i]nstitution was [placed under] enhanced [q]uarantine," and Pickens did not receive the "legal assistance usually afforded to *pro se* inmates, nor [was he] allowed normal access to the Law Library." Appellant's *Pro Se* Application for Relief, 9/21/21, at 1-2. This Court deferred Pickens' application for relief to the merits panel in an order issued *per curiam*. **See** Order, 10/18/21.

Presently, we deny Pickens' application for relief since Pickens acknowledged, on the record, that he would be held to the same standards on appeal as any other party, even though proceeding *pro se*. **See** N.T. Hearing on Petition in Support of Withdrawal as Counsel, 6/6/19, at 3-5. **See also Commonwealth v. Pickens**, **supra** at *7 n.1.